## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

IDELL JACKSON,                          :

    Plaintiff,                       :

vs.                                     :        CA 07-0775-WS-C

MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,
                                        :
    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Court for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on defendant's motion to dismiss (Doc. 6) and the response of the plaintiff (Doc. 8). Upon consideration of the foregoing pleadings, the undersigned recommends that the Court **GRANT** the defendant's motion to dismiss.

## FINDINGS OF FACT

1.      On September 22, 2006, an Administrative Law Judge issued a decision denying claimant's application for a period of disability and disability insurance benefits. (Doc. 6, Declaration of Patrick J. Herbst, Exhibit 1, NOTICE OF DECISION-UNFAVORABLE) Jackson appealed this decision

to the Appeals Council. (*See id*., Exhibits 1 & 2)

2.      On August 17, 2007, the Appeals Council entered its decision denying Jackson's request for review of the ALJ's decision. (Doc. 6, Herbst declar., Exhibit 2) The Appeals Council's notice of action specifically informed the claimant that she had a period of sixty (60) days to file a civil action requesting court review and that this 60-day period would start running after receipt of notice, which, she was informed, is presumed five (5) days after the date on the notice. (*Id*.) The notice also informed Jackson that she should file "a complaint in the United States District Court for the judicial district in which" she resides. (*See id*.) The notice was sent to plaintiff at her Thomaston, Alabama address and a copy of same was sent to plaintiff's attorney, E. Mark Ezell, Esquire, at a P.O. Drawer in Butler, Alabama. (*Id*.)

3.      Pursuant to the terms of the Appeals Council's notice, and consistent with the 60-day statute of limitations contained in 42 U.S.C. § 405(g), Jackson was required to file her complaint in this Court on or before October 22, 2007.

4.      Plaintiff filed her complaint in this Court on October 31, 2007. (Doc. 1)

## CONCLUSIONS OF LAW

1.      42 U.S.C. § 405(g) requires a social security claimant to commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to h[er] of notice of such decision or within such further time as the Commissioner of Social Security may allow." The Commissioner's regulations specifically provide that an individual may file a civil action in a federal district court 60 days after the date of receipt of notice of the Appeals Council's action, 20 C.F.R. § 404.981 (2007), and that the date of receipt is presumed to be five (5) days after the date on the notice, unless it is shown that the notice was not received within the 5-day period, 20 C.F.R. § 404.901.

2.      The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-480, 106 S.Ct. 2022, 2029-2030, 90 L.Ed.2d 462 (1986).

3.      In a recent decision, the Eleventh Circuit Court of Appeals held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." *Jackson v.*

*Astrue*, 506 F.3d 1349, 1353 (2007).

> The extraordinary circumstances standard . . . may be met "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . ."

*Id*., quoting *Waller v. Commissioner of Social Security*, 168 Fed.Appx. 919, 922 (11th Cir. 2006) (unpublished opinion); *see also id*. at 1355 ("And traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment.").

    4.    Plaintiff acknowledges that her complaint was not timely filed in this Court. (Doc. 8, at 1 ("The notice of the Appeals Council was not received in the Plaintiff's counsel's office until August 27, 2007. Plaintiff's counsel prepared a package containing the complaint and summons and delivered by U.S. Postal Service to the Northern District of Alabama within the 60 day time period. Once received by the clerk[']s office, it was discovered that the complaint was actually to be filed with the Southern District of Alabama, at which time the complaint was filed, however past the appropriate date.")) She asks that this Court equitably toll the limitations period since "the action was commenced in federal court but not filed in the proper district." (*See id*. at 2; *id*. at 3 ("Plaintiff's council (sic) admits that an error occurred on

4

calculating the deadline to file a civil action and respectfully requests this Court not punish the claimant for the slight miscalculation on the part of Plaintiff's counsel."))

5.     Plaintiff's arguments do not convince the undersigned that this Court should equitably toll the statute of limitations in this case. Specifically, her arguments do not establish extraordinary circumstances justifying the untimely filing of the complaint in this Court. While it may be true that plaintiff timely sent her complaint to the Northern District of Alabama, she admits that she was immediately informed by that district court that she had sent her paperwork to the wrong court and supplies this Court with no facts establishing that she could not thereafter timely file her complaint in this Court. Certainly, there was no deliberate concealment or other misleading conduct by the United States District Court for the Northern District of Alabama which would call for equitable tolling. *See Jackson, supra*, 506 F.3d at 1356 & 1356-1357 ("We have held that 'to apply equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment.' Nothing in the record suggests the county clerk deliberately misled Jackson or otherwise actively concealed material information from her, let alone that the Commissioner of Social Security misled her in any way. This is not to say that

we would be unwilling to equitably toll a statute of limitations where there is no evidence of deliberate concealment, but where the claimant nevertheless has been misinformed by a court's misleading actions or instructions."). Moreover, plaintiff's argument that she should not be punished for her attorney's "slight miscalculation" does not satisfy the very narrow "extraordinary circumstances" test. Nothing about this argument establishes that the Commissioner, or anyone else, did anything to mislead the plaintiff. Attorney negligence simply does not constitute the extraordinary circumstances necessary to equitably toll the statute of limitations. *Cf. Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) ("Sandvik's motion was late because his lawyer sent it by ordinary mail from Atlanta less than a week before it was due in Miami. While the inefficiencies of the United States Postal Service may be a circumstance beyond Sandvik's control, the problem was one that Sandvik's counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier. There is not, therefore, ground for equitable tolling here."); *see Jackson, supra*, 506 F.3d at 1356 (favorably citing *Sandvik*).

6.      It is clear to the undersigned that subject-matter jurisdiction is lacking in this case due to plaintiff's failure to timely file her complaint in this

Court within 60 days of her receipt of notice of the Appeals Council's notice of action.

## **<u>CONCLUSION</u>**

In consideration of the foregoing, the undersigned recommends that this cause of action be **DISMISSED**, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as this Court lacks subject matter jurisdiction.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 25th day of February, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

 S/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE